MARSDEN v. MARSDEN.

DIVORCE—ALIMONY—ABUSE OF DISCRETION.
> Divorce decree awarding wife $175 a month for alimony and support of three minor children whose custody was awarded to her where husband's net income of $267.66 out of $500 a month will be increased as soon as a loan is paid up *held*, not an abuse of discretion.

Appeal from Wayne; Webster (Arthur), J. Submitted January 10, 1939. (Docket No. 101, Calendar No. 40,175.) Decided March 9, 1939.

Bill by Paul Marsden against Helen Deetz Marsden for an absolute divorce. Cross bill by defendant against plaintiff for an absolute divorce. Decree for defendant. Plaintiff appeals. Affirmed.

*John L. Nelson*, for plaintiff.

*Harry N. Deyo*, for defendant.

SHARPE, J. Plaintiff and defendant were married in Davenport, Iowa, in May, 1917, and lived together until August, 1933. As a result of this marriage three children, namely, Betty Jean, age 19 years, John D., age 18 years, and Gloria, age 15 years, were born and living at the time the present suit for divorce was instituted.

In October, 1933, Mrs. Marsden began a suit for separate maintenance, in Iowa, and in September, 1935, was awarded a decree which provided that Mr. Marsden pay the sum of $175 per month for the sup-

port of Mrs. Marsden and the three minor children. At the time the decree was entered, Mr. Marsden was employed by the Travelers Insurance Company, with a monthly salary of $450. In November, 1934, Mr. Marsden was transferred to the city of Detroit by his company, with an advance of $50 per month in salary. About one year after Mr. Marsden moved to Detroit, Mrs. Marsden and the three children moved to California.

In March, 1937, plaintiff filed a bill for divorce, and in February, 1938, filed an amended bill in the circuit court of Wayne county. In March, 1938, defendant filed an answer and cross bill. When the cause came on for trial, evidence was introduced showing that Mr. Marsden was earning $500 per month, subject to the following monthly expenses: social security tax, $5; premium on insurance policy, $37.84; interest on loan on policy, $14.50; payment on bank loan, $85; payment to Walton Company on loan, $25; and alimony as per decree, $175.

It also appears that Mrs. Marsden owes about $415 for medical and hospital bills, and attorney and witness fees; that it is necessary to have a tonsillectomy for John D. Marsden, the cost of which is undetermined; and that Betty Jean Marsden is employed and earns $70 per month.

The trial court entered a decree granting defendant a divorce and providing that plaintiff pay defendant the sum of $175 per month as permanent alimony; and that defendant shall be responsible for the care, support, maintenance, and education of the minor children.

Plaintiff appeals and contends that the trial court was in error in awarding defendant such a large percentage of his monthly salary. In deciding this case we have in mind that plaintiff is paying off an

indebtedness of $1,140 at the rate of $110 per month and at this rate of payment the debt will be paid in full in less than a year; and that thereafter plaintiff will have a net monthly income of $267.66, which will be increased as soon as the loan on the insurance policy is paid.

Considering all of the circumstances, we are unable to say that there was an abuse of discretion on the part of the trial court in entering the mentioned decree and the same is affirmed, with costs to defendant.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, and McALLISTER, JJ., concurred. NORTH, J., took no part in this decision.